UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION
www.flsb.uscourts.gov

IN RE:                                                                          CASE NO.: 19-18585-MAM
                                                                                         Chapter 11
MERIDIAN MARINA & YACHT CLUB
OF PALM CITY, LLC

    Debtor.
_____/

**MARTIN COUNTY MARINE HOLDINGS LLC'S  OBJECTION TO MOTION TO EXTEND EXCLUSIVE PERIOD TO SOLICIT ACCEPTANCES THERETO**

    Martin County Marine Holdings., LLC's, ( "Marine Holdings")  a secured creditor herein, through undersigned counsel, files this Objection to Debtor's Motion to Extend Exclusive Period to Solicit Acceptances  and in support thereof states as follows:

    1.    On June 27, 2019, (the "Petition Date") Meridian Marina & Yacht Club of Palm City, LLC ( the "Debtor"), filed a voluntary petition under Chapter 11, Title 11 of the United States Code.

    2.    The Debtor  is, a Florida Limited Liability Company, and is successor by Merger to the former Debtor,  Martin County Marine Corp., Case No. 12-11819- EPK,  and operates the business known as Martin County, Marina.

    3.    Marine Holdings, the secured creditor is a a Florida Limited Liability Company with offices in Orange County Florida. Marine Holding is a secured creditor by reasons of a note secured by a first mortgage on all of the Debtor's real property and an Assignment of Rents which are now reduced to a Default Final Judgment dated December 18, 2018 in the amount of $4,417, 341.17 which continues to bear interest at the prevailing statutory rate

    4.    Notably Martin County Marina owed the Palm Beach tax collector $249,945.82 for unpaid real estate taxes which also accrues interest at the statutory rate.  Based upon the

1

Debtor's operating reports, the Debtor has made no provision for the 2019 real estate tax liability and does not generate sufficient income to pay same.

5. Historically, this Debtor has played a game of delay after delay in order to collect the proceeds from its operations at the expense of its lenders and the Palm Beach County Tax Collector by assuring its creditors that it can sell the marina for sufficient monies to pay all creditors, secured and unsecured as follows:.

    A. On December 6, 2012 Debtor's predecessor by merger filed a case under chapter 11, title 11 wherein the Debtor promised to sell the real estate by December 20, 2015.
    B. On October 31, 2013 the Debtor executed another note and mortgage in favor of Marina Holdings which was secured by additional vacate land.
    C. On December 16, 2015 the Debtor modified the note and mortgage in favor of Marina Holdings which modification matured on December 16, 2016.
    D. The modification agreement allowed another extension until December 16, 2017.
    E. The Debtor has been in default under the modification agreement by failing to make the payment under the modification agreement by June 20, 2017.
    F. On December 18, 2018 a foreclosure judgment was entered with a sell date of April 2, 2019.
    G. On June 27, 2019 this case was filed.
    F. On September 24, 2019, the Debtor assured the Court that it had offers to purchase the property and it would be filing a Motion to Sell the real estate.

6. With respect to the factors which are cause for an extension of exclusivity (I) this is a small case (II) there is allegedly sufficient equity to pay all claims (III) there is a lack of good faith as evidenced by delay after delay (IV) Debtor is not able to pay its post petition debts as they come due because it is not escrowing for 2019 real estate taxes (V) in the absence of an agreement to sell there is no viable plan (VI) apparently there is no progress in negotiations with creditors (VII) Debtor has had sufficient time to at least get an offer to purchase the real estate (VIII) the extension puts pressure on the unsecureds as the equity is being wasted on taxes and interest and (IX) there has been no appointment of a broker, leaving a contingency unresolved..

7. This Debtor appears to lack the management skills necessary to reorganize.

Based on the lateness of the Monthly Operating Reports, the lack of any evidence of an effort to sell the marina, and the Debtor's historical inability to sell the marina the Motion to Extend Exclusivity should be denied or limited to thirty (30) days maximum.

    WHEREFORE the Debtor respectfully requests an Order denying the extension of exclusivity or limit the extension to thirty (30) by fixing a deadline to file a plan and for such further relief as the Court deems just.

    I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by electronic mail to the Office of the United States Trustee on this 14th day of October , 2019, and that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court as set forth in Local Rule 2090-1 (A).

                                SUSAN D. LASKY, PA
                                Attorney for Debtor
                                320 S.E. 18th Street
                                Fort Lauderdale, FL  33316
                                (954) 400 7474
                                Sue@SueLasky.com

                                By:   /S/ SUSAN D. LASKY
                                    SUSAN D LASKY, ESQ.
                                    Florida Bar No. 451096

Susan D. Lasky, Esq on behalf of Debtor

ECF@suelasky.com, ecfsuelasky@gmail.com;r48532@notify.bestcase.com

Office of the US Trustee

USTPRegion21.MM.ECF@usdoj.gov