UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION
www.flsb.uscourts.gov

IN RE:                                                   CASE NO.: 19-18585-MAM
                                                         Chapter 11
MERIDIAN MARINA & YACHT CLUB
OF PALM CITY, LLC

   Debtor.
_____/

### MARTIN COUNTY MARINE HOLDINGS LLC'S LIMITED OBJECTION TO DEBTOR'S MOTION FOR AUTHORIZATION TO SELL ASSETS FREE AND CLEAR OF LIENS, CLAIMS ENCUMBRANCES AND INTERESTS

  Martin County Marine Holdings., LLC's, ( "Marine Holdings") a secured creditor herein, through undersigned counsel, files this Limited Objection to Debtor Meridian Marina & Yacht Club of Palm City LLC's Motion for Authorization to Sell Assets Free and Clear of Liens, Claims, Encumbrances and Interests and in support thereof states as follows:

  1. On June 27, 2019, (the "Petition Date") Meridian Marina & Yacht Club of Palm City, LLC ( the "Debtor"), filed a voluntary petition under Chapter 11, Title 11 of the United States Code.

  2. The Debtor is a Florida Limited Liability Company, and is successor by Merger to the former Debtor In Possession, Martin County Marine Corp., Case No. 12-11819- EPK. Debtor operates the business known as Martin County Marina.

  3. Martin County Marine Holdings, LLC ( hereinafter referred to as" Marine Holdings" or "Secured Creditor") is a Florida Limited Liability Company with offices in Orange County Florida. Marine Holdings is a secured creditor by reasons of a note secured by a first mortgage on all of the Debtor's real property and an Assignment of Rents which are now

reduced to a Default Final Judgment of Foreclosure dated December 18, 2018 in the amount of $4,417, 341.17 which continues to bear interest at the prevailing statutory rate

4. Marine Holdings as the principal secured creditor has no objection to the sale of the property, and the full payment of its secured claim. However, the Debtor has been claiming imminent sales from the date of the entry of the Final Judgment of Foreclosure on December 18, 2018, over a year ago. The sale date was set in the Final Judgment over ninety (90 ) days later for April 2, 2019 based upon a claim of active sales activity.

5. The state court then extended the April 2, 2019 foreclosure sale date to July 2, 2019 based upon an executed sale agreement with Winward Marina Group, LLC dated February 21, 2019, which like the most recent proposed sale agreement, was also conditioned upon the Debtor securing a lease with the GSA . The Debtor has had almost one year to obtain the surveys and building permits required by the government in order to secure a lease with GSA.

6. Unable to consummate the transaction with Winward Marina Group, LLC, the Debtor filed this chapter 11 proceeding on June 27, 2019, a few days before the extended foreclosure sale date of July 2, 2019. At the status conference the Debtor assured the bankruptcy court that the property was desirable, and it had many offers up to $6,000,000.00.

7. The Debtor has now had another six (6) months to effectuate a sale. Again, no action was taken until the bankruptcy court's deadline was close to an end.

8. Historically, this Debtor has been unable to actually consummate a sale since 2015 as follows:

    A. On December 6, 2012 Debtor's predecessor by merger filed a case under chapter 11, title 11 wherein the Debtor promised to sell the real estate by December 20, 2015.

B.  On October 31, 2013 the Debtor executed another note and mortgage in favor of Marine Holdings which was secured by additional vacate land.

C.  On December 16, 2015 the Debtor modified the note and mortgage in favor of Marine Holdings which modification matured on December 16, 2016.

D.  The modification agreement allowed another extension until December 16, 2017.

E.  The Debtor has been in default under the modification agreement by failing to make the payment under the modification agreement by June 20, 2017.

F.  On December 18 , 2018 a foreclosure judgment was entered with a sell date of April 2, 2019.

G.  On June 27, 2019 this case was filed.

F.  On September 24, 2019 , the Debtor assured the Court that it had offers to purchase the property and it would be filing a Motion to Sell the real estate.

H.  **The failure of the Debtor to sell indicates the property may well be losing value and that Marine Holdings equity in the property is disappearing, while the Debtor continues to operate the property while Accumulating unpaid taxes, interest and costs**.

9.  If the Court is going to approve the proposed sale and allow it to proceed, the Secured Creditor respectfully requests the Order Approving the Sale Motion contain the following protections in order to avoid unnecessary delay to the Creditors in this case :

A.  The purchaser should provide proof of funds. The escrow agent should provide confirmation of escrow held.

B.  The period of time for due diligence should be reduced to 30 days.

C.  **Since the purchase contract attached is contingent on there being a new lease with GSA that is satisfactory to the purchaser, the Debtor should be required to provide evidence that the GSA is still interested in entering into a lease with Debtor, and that Debtor has the present ability to enter into a new lease with the GSA , i.e, that the surveys and building permits are complete** .

D.  The Debtor should be required to provide the documents requested in the contract immediately, with a copy to the Secured Creditor. These documents were stated to have been

provided to the prior purchaser in June 2019, so they should already be complete.

     E.     The Debtor shall immediately retain a title insurance agent to prepare the commitment and provide creditor with a copy of the commitment.

     F.     The Debtor shall immediately obtain the survey required and provide the Secured Creditor with a copy of the survey.

     G.     At the end of the thirty (30) days due diligence if the purchaser has not terminated the contract, the deposits will be non-refundable and held for the benefit of the creditors if closing does not occur fifteen (15) days after the end of due diligence.

     H.     If the contract does not close then the court should accept the credit bid from the Secured Creditor, or immediately lift the stay to allow the foreclosure sale to proceed.

     11.     Finally the Secured Creditor respectfully requests the Order Approving Sale require payment of real estate taxes and its Secured Claim at closing.

WHEREFORE the Debtor respectfully requests an Order conditioning the sale of Debtor's Real Property on the terms and conditions set forth in paragraphs 6 and 7 for such further relief as the Court deems just.

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by electronic mail to the Office of the United States Trustee on this 26th day of December , 2019, and that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court as set forth in Local Rule 2090-1 (A).

                              SUSAN D. LASKY, Esquire
                              Attorney for Debtor
                              320 S.E. 18th Street
                              Fort Lauderdale, FL 33316
                              (954) 400 7474
                              Sue@SueLasky.com

                              By:  */S/ SUSAN D. LASKY*
                                       SUSAN D LASKY, ESQ.
                                       Florida Bar No. 451096

| | | |
|---|---|---|
| Label Matrix for local noticing<br>113C-9<br>Case 19-18585-MAM<br>Southern District of Florida<br>West Palm Beach<br>Thu Dec 26 13:39:47 EST 2019 | Aspen Environmental Consulting, LLC<br>2014 SW Oxbow Way<br>Palm City, FL 34990-3244 | MRACHEK, FITZGERALD ROSE KONOPKA THOMAS & WE<br>505 S. Flagler Drive<br>Suite 600<br>West Palm Beach, FL 33401-5945 |
| Martin County Marine Holdings LLC<br>c/o Susan D. Lasky<br>320 S.E. 18th Street<br>Fort Lauderdale, FL 33316-2818 | Martin Downs Property Owners' Associati<br>c/o Ross Earle Bonan & Ensor, P.A.<br>P.O. Box 2401<br>Stuart, FL 34995-2401 | Meridian Marina & Yacht Club of Palm City, L<br>1400 SW Chapman Way<br>Palm City, FL 34990-2402 |
| 5T Wealth Partners LP<br>Department#6200<br>P.O. Box 830539<br>Birmingham,, AL 35283-0539 | ADR Electric Inc<br>P.O. Box 665<br>Jensen Beach, FL 34958-0665 | Allstate Insurance<br>P.O. Box 4344<br>Carol Stream, IL 60197-4344 |
| Aspen Environmental<br>P.O. Box 2753<br>Stuart, FL 34995-2753 | Aspen Environmental Consulting, LLC<br>c/o Jodi Beck<br>2014 SW Oxbow Way<br>Palm City, FL 34990-3244 | Bartlett Brothers Security<br>2694 SE Willoughby Blvd<br>Stuart, FL 34994-4700 |
| Capital One Bank (USA), N.A.<br>by American InfoSource as agent<br>PO Box 71083<br>Charlotte, NC  28272-1083 | Cassidy Ice<br>3240 SE Dominica Terrace<br>Stuart, FL 34997-5758 | Charles Goodman<br>3022 SW Lake Terrace<br>Palm City, FL 34990-1927 |
| Clark Environmental<br>755 Prairie Industrial Pkwy<br>Mulberry, FL 33860-6559 | Colonial Life<br>P.O. Box 1365<br>Columbia, SC 29202-1365 | Comcast<br>P.O. Box 71211<br>Charlotte, NC 28272-1211 |
| EDC<br>10250 SW Village Parkway, Suite 201<br>Port Saint Lucie, FL 34987-2362 | Florida Department of Revenue<br>5050 West Tennessee Street<br>Tallahassee, FL 32399-0140 | Florida Power & Light<br>General Mail Facility<br>Miami, FL 33188-0001 |
| Grainger<br>1800 N. Florida Mango Rd<br>West Palm Beach, FL 33409-6486 | Gunster<br>777 South Flagler Drive<br>West Palm Beach, FL 33401-6194 | Industrial Hose and Hydraulics<br>2450 N.Powerline Rd<br>Pompano Beach, FL 33069-1051 |
| (p)INTERNAL REVENUE SERVICE<br>CENTRALIZED INSOLVENCY OPERATIONS<br>PO BOX 7346<br>PHILADELPHIA PA 19101-7346 | Internal Revenue Service<br>Central Insolvency Operation<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346 | Kapp Morrison, LLP<br>7900 Glades Road Suite 550<br>Boca Raton, FL 33434-4167 |
| Law Office of Robert M. Lewis, LLC<br>P.O. Box 1831<br>Jupiter, FL 33468-1831 | MIC<br>2964 Airway Ave<br>Costa Mesa, CA 92626-6018 | Martin County Marine Holdings, LLC<br>1206 North Park Avenue<br>Winter Park, FL 32789-2542 |

| | | |
|---|---|---|
| Martin County Property Owner's Associat<br>C/O Ross Earl Bonan and Ensor PA<br>789 SW Federal Highway<br>Stuart, FL 34994-2962 | Martin County Tax Collector<br>3485 SE Willoughby Blvd<br>Stuart, FL 34994-5062 | Martin County Utilities<br>P.O. Box 9000<br>Stuart, FL 34995-9000 |
| Marvin Kennard<br>4971 SW Lake Grove Circle<br>Palm City, FL 34990-8506 | Meridian Marina & Yacht Club of Palm Ci<br>2625 W Grandview Rd Suite 150<br>Phoenix, AZ 85023-3109 | Mracheck Law<br>505 S. Flagler Drive, Suite 600<br>West Palm Beach, FL 33401-5945 |
| Office of the US Trustee<br>51 S.W. 1st Ave.<br>Suite 1204<br>Miami, FL 33130-1614 | PI Finance<br>PO Box 922025<br>Norcross, GA 30010-2025 | Palmdale Oil Company, Inc.<br>911 N 2nd St<br>Fort Pierce, FL 34950-9121 |
| Paul Lane<br>7880 North University Drive<br>Suite 2000<br>Fort Lauderdale, FL 33321-2124 | Plastic Pro<br>DKG Concepts Incorporated<br>P.O. Box 2359<br>Palm City, FL 34991-7359 | Progressive Environmental Services Inc.<br>19 National Dr<br>Franklin MA 02038-3243 |
| Robert Jennings, P.A.<br>306 S.E. Detroit Ave<br>Stuart, FL 34994-2113 | Robert Sader, P.A.<br>224 Commercial Blvd Suite 310<br>Fort Lauderdale, FL 33308-4443 | SWS Environmental Services<br>P.O. Box 538498<br>Atlanta, GA 30353-8498 |
| Safety Kleen<br>2600 North Central Expressway Suite 400<br>Richardson, TX 75080-2058 | Shaun T. Plymale<br>100 SW Albany Avenue<br>Suite 310<br>Stuart, FL 34994-2000 | Shraiberg, Landau, & Page PA<br>2385 N.W. Executive Center Drive<br>Suite 300<br>Boca Raton, FL 33431-8530 |
| State of Florida - Department of Revenue<br>Post Office Box 6668<br>Tallahassee, FL 32314-6668 | Sudden Service, Inc<br>P.O. Box 903<br>Louisville, MS 39339-0903 | Susan Lasky<br>320 Southeast 18th Street<br>Fort Lauderdale, FL 33316-2818 |
| The Zenith Insurance Company<br>21255 Califa St<br>Woodland Hills, CA 91367-5021 | Time Payment Corp<br>1600 District Avenue<br>Suite 200<br>Burlington, MA 01803-5233 | Treasure Coast Legal<br>100 SW Albany Avenue Suite 310<br>Stuart, FL 34994-2000 |
| W.W. Grainger, Inc<br>401 S Wright Road W4E.C37<br>Janesville WI 53546-8729 | Waste Management of SFlorida<br>P.O. Box 4648<br>Carol Stream, IL 60197-4648 | William Scotsman<br>901 S. Bond Street. #600<br>Baltimore, MD 21231-3348 |
| Zimmer Construction<br>129 N.W. 13th St Suite 20<br>Boca Raton, FL 33432-1635 | Zimmer Construction Consultants, P.A.<br>129 NW 13th Street<br>Suite 20<br>Boca Raton, FL 33432-1635 | m2 Lease Funds LLC<br>175 N. Patrick Blvd., Suite 140<br>Brookfield, WI 53045-5811 |

| | | |
|---|---|---|
| m2 Lease Funds LLC<br>175 North Patrick Boulevard<br>Earth City, MO 63045 | Craig I Kelley<br>1665 Palm Beach Lakes Blvd #1000<br>West Palm Beach, FL 33401-2109 | Dana L Kaplan<br>1665 Palm Beach Lakes Blvd #1000<br>W Palm Beach, FL 33401-2109 |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| Internal Revenue Service<br>Acting US Attorney<br>99 NE 4th Street<br>Miami, FL 33132 | (d)Internal Revenue Service<br>Atty General United States Dept Justice<br>Tenth & Constitution<br>Washington, DC 20530 | (d)Internal Revenue Service<br>c/o IRS District Counsel<br>Claude Pepper Federal Bldg<br>51 S.W. 1st Ave., 11th Floor<br>Miami, FL 33130 |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (u)West Palm Beach | (d)Martin Downs Property Owners' Associati<br>c/o Ross Earle Bonan & Ensor, P.A.<br>P.O. Box 2401<br>Stuart, FL 34995-2401 | (u)See attached |

**End of Label Matrix**
**Mailable recipients**     62
**Bypassed recipients**      3
**Total**                   65