UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION
www.flsb.uscourts.gov

IN RE:                                                                            CASE NO.: 19-18585-MAM
                                                                                         Chapter 11
MERIDIAN MARINA & YACHT CLUB
OF PALM CITY, LLC

    Debtor.
_____/

## MARTIN COUNTY MARINE HOLDINGS LLC'S OBJECTION TO THIRD MOTION TO EXTEND EXCLUSIVE PERIOD TO SOLICIT ACCEPTANCES THERETO

    Martin County Marine Holdings., LLC's, ( "Marine Holdings") a secured creditor herein, through undersigned counsel, files this Objection to Debtor's Motion to Extend Exclusive Period to Solicit Acceptances and in support thereof states as follows:

    1.    On June 27, 2019, (the "Petition Date") Meridian Marina & Yacht Club of Palm City, LLC ( the "Debtor"), filed a voluntary petition under Chapter 11, Title 11 of the United States Code.

    2.    The Debtor is, a Florida Limited Liability Company, and is successor by Merger to the former Debtor, Martin County Marine Corp., Case No. 12-11819- EPK, and operates the business known as Martin County, Marina.

    3.    Marine Holdings, the secured creditor is a Florida Limited Liability Company with offices in Orange County Florida. Marine Holding is a secured creditor by reasons of a note secured by a first mortgage on all of the Debtor's real property and an Assignment of Rents which are now reduced to a Default Final Judgment dated **December 18, 2018** in the amount of $4,417, 341.17 which continues to bear interest at the prevailing statutory rate.

4.      The Debtor has been claiming the sale of its Property is "imminent"  from the date of the entry of the Final Judgment of Foreclosure on December 18, 2018,  over a year ago. The sale date was as set forth in the Final Judgment was continued for over ninety (90 ) days until April 2, 2019 which was further extended to July 2, 2019,  based upon **the same request for additional time to complete due diligence and finalize the sale** which the Debtor is now asserting as a basis to extend exclusivity

5.      Historically, this Debtor has played this game of delay after delay in order to collect the proceeds from its operations at the expense of its lenders and the Palm Beach County Tax Collector by assuring its creditors that it can sell the marina for sufficient monies to pay all creditors, secured and unsecured as follows:.

  A. On December 6, 2012 Debtor's predecessor by merger filed a case under chapter 11, title 11 wherein the Debtor promised to sell the real estate by December 20, 2015.
  B. On October 31, 2013 the Debtor executed another note and mortgage in favor of Marina Holdings which was secured by additional vacate land.
  C. On December 16, 2015 the Debtor modified the note and mortgage in favor of Marina Holdings which modification matured on December 16, 2016.
  D. The modification agreement allowed another extension until December 16, 2017.
  E. The Debtor has been in default under the modification agreement by failing to make the payment under the modification agreement by June 20, 2017.
  F. On December 18 , 2018 a foreclosure judgment was entered with a sell date of April 2, 2019 which was further extended to July 19, 2019.
  G.  On June 27, 2019 this case was filed.
  F. On September 24, 2019 , the Debtor assured the Court that it had offers to purchase the property and it would be filing a Motion to Sell the real estate.

6.      On or about January 10, 2020, a month ago, the Court approved the Sale on  the following conditions:

    A.    The purchaser was to provide proof of funds and the escrow agent was to provide confirmation of escrow held.

    B.    **Since the purchase contract is contingent on there being a new lease with GSA that is satisfactory to the purchaser, the Debtor was required to provide evidence that the GSA will enter into a lease with Debtor, and that Debtor has the present ability to enter into a new lease with the GSA , i.e, that the surveys and building permits are complete** .

    C.    The Debtor was required to provide the documents requested in the contract immediately, with a copy to the Secured Creditor. These documents were stated to have been provided to the prior purchaser in June 2019, so they should be complete.

    D.    The Debtor's title insurance agent was to provide the Secured Creditor with a copy of the commitment.

    E.    The Debtor was to obtain the survey required and provide the Secured Creditor with a copy of the survey.

    F.    At the end of the thirty (30) days due diligence if the purchaser has not terminated the contract, the deposits will be non-refundable and held for the benefit of the creditors if closing does not occur fifteen (15) days after the end of due diligence.

7.    Despite the assurances of the Debtor's principal at the hearing on January 10, 2020, not a single document has been provided to the Secured Creditor. In fact the Debtor has

not even provided undersigned counsel with a proposed order approving the sale.

8. **Pursuant to the Contract approved by the Court the due diligence period expired on January 25, 2020 ( 60 days from the date of the contract which was executed 11/29/2019).**

9. This transaction is disturbingly similar to the Debtor's actions which occurred in the spring of 2019. The Debtor obtained an extension of the foreclosure sale date until the April 2, 2019 based upon an executed sale agreement with Winward Marina Group, LLC dated February 21, 2019, which like the most recent proposed sale agreement, was also conditioned upon the Debtor securing a lease with the GSA . The Debtor has had over a year to obtain the surveys and building permits required by the government in order to secure a lease with GSA.

10. Unable to consummate the transaction with Winward Marina Group, LLC, the Debtor filed this chapter 11 proceeding on June 27, 2019, a few days before the extended foreclosure sale date of July 2, 2019. At the status conference in this case the Debtor assured the bankruptcy court that the property was desirable, and the Debtor had many offers up to $6,000,000.00.

11. The Debtor has now had another year to effectuate a sale, and waited until the bankruptcy court's deadline was close to an end to execute a contract to sell.

12. Meanwhile the Marina has fallen into disrepair and another year of real estate taxes has accrued.

13. The Debtor's valuation of the Debtor's marina is dependent on the Debtor's ability to consummate a lease with the GSA , which it has consistently failed to accomplish.

14. In the absence of a single document demonstrating the Debtor can consummate a

lease with the GSA, there is no evidence that the Debtor has made any progress to date. Nor is there any evidence that the due diligence period has been extended.

15. The Secured Creditor would submit that the Monthly Operating Reports do not demonstrate any hope of reorganization, there is no evidence that the contract approved by the Court will close, this Debtor's management is not capable of closing a contract which requires a lease with the GSA, and the Debtor is seeking this extension in order to divert the revenues to the benefit of the Marina's principal for as long as possible.

WHEREFORE the Debtor respectfully requests an Order Denying the Third Motion to Extend Exclusivity for such further relief as the Court deems just.

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by electronic mail to the Office of the United States Trustee on this 11th day of February, 2020, and that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court as set forth in Local Rule 2090-1 (A).

SUSAN D. LASKY, Esquire
Attorney for Debtor
320 S.E. 18th Street
Fort Lauderdale, FL  33316
(954) 400 7474
Sue@SueLasky.com

By:   /S/ SUSAN D. LASKY
SUSAN D LASKY, ESQ.
Florida Bar No. 451096

Susan D. Lasky, Esq on behalf of Debtor
ECF@suelasky.com, ecfsuelasky@gmail.com;r48532@notify.bestcase.com
Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov