**Entered as modified by Judge Mora.**



**ORDERED in the Southern District of Florida on February 27, 2020.**

_____
**Mindy A. Mora, Judge
United States Bankruptcy Court**

---

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:                                                                            CASE NO.: 19-18585-MAM

                                                                                      Chapter 11

MERIDIAN MARINA & YACHT CLUB
OF PALM CITY, LLC

Debtor.
_____/

### ORDER GRANTING MERIDIAN MARINA & YACHT CLUB OF PALM CITY, LLC'S MOTION FOR AUTHORIZATION TO SELL ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS [D.E. #52]

**THIS MATTER** came before the Court on January 10, 2020, at 1:30 p.m., upon Debtor in Possession's, MERIDIAN MARINA & YACHT CLUB OF PALM CITY, LLC'S ("Debtor") Motion for Authorization to Sell Assets Free and Clear of Liens, Claims,

Encumbrances and Interests [D.E. #52] (the "Motion") and the limited objection to the Motion filed by Martin County Marine Holdings, LLC [D.E. #63] (the "Objection").

The Debtor represents that:

a. Debtor is the owner and operator of a marina and yacht club located in Palm City, Florida, providing boat storage, boat sales, dockage, servicing and repairs. The facility is located at 1400 SW Chapman Way, consisting of approximately 280 dry storage marina and wet slips located on approximately 6.5 acres. In addition, the Debtor owns roughly 4.5 acres of unimproved land located at 1120 SW Chapman Way, immediately adjacent to the marina.

b. Debtor has obtained a buyer, namely, 1400 Chapman, LLC (hereinafter referred to as "Buyer"), to purchase the real property located at 1400 SW Chapman Way as well as certain assets, as more fully described below. The Debtor has signed a Purchase and Sale Agreement which was attached to the Motion as Exhibit "A".

c. The sale is to include the following assets:

   a. The real property located at 1400 SW Chapman Way, together with the buildings and improvements thereon and all right, title and interest of Seller in and to appurtenances of the Land, including riparian rights, easements and rights-of-way relating thereto, and, without warranty, all right, title and interest of Seller in and to the land lying within any street or roadway adjoining the Land or any vacated or hereafter vacated street or alley adjoining said Land.

   b. All of Seller's right, title and interest, if any, in and to all fixtures, furniture, equipment, and other tangible personal property, if any, owned by Seller (collectively, the "Personal Property") presently located on the Land or used in connection with the Property, including, without limitation, all: 1. vehicles and watercraft, including trailers and travel-lifts (the "Vehicles"), 2. telephone systems and computer equipment, including software installed thereon, 3. third party vendor parts and accessories located at the Property or in transit to the Property on the Closing Date and 4. gasoline,

    motor oil, and other similar fuel and fluids currently stored on the Property.

  d. This transaction does not include the sale of the unimproved parcel located at 1120 SW Chapman Way.

 Accordingly, the Court, having reviewed the file and the Motion, having heard argument of counsel, being otherwise duly advised in the premises, **ORDERS** as follows:

 1. The Debtor's Motion for Authorization to Sell Assets Free and Clear of Liens, Claims, Encumbrances and Interests (D.E. #52) is hereby **GRANTED**, free and clear of all liens, claims, encumbrances and interests pursuant to the terms of the Agreement of Purchase and Sale, and any amendments thereto with any such liens or interests to attach to the proceeds of the sale, unless satisfied at the sale closing, and subject to any rights and defenses of the Debtor with respect thereto, as well as to pay closing or other costs from the sale proceeds at closing as may be required.

 2. The Debtor is authorized to sell the assets described above to 1400 Chapman, LLC ("Buyer") for the sum of $6,500,000.00 pursuant to the Purchase and Sale Agreement with 1400 Chapman LLC filed with Debtor's Motion.

 3. The Debtor is directed to provide Secured Creditor with a proposed closing statement at least 10 days prior to closing, and to reflect the amounts owed to secured creditors on the closing statement which will be paid at closing.

 4. The Debtor will comply with conditions "A.-G." set forth in Paragraph 9 of the Objection (D.E. #63) as they become available. Condition H. in Paragraph 9 of the Objection is overruled.

5. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

# # #

Submitted by:
Craig I. Kelley, Esquire
Kelley, Fulton & Kaplan, P.L.
1665 Palm Beach Lakes Blvd.
The Forum - Suite 1000
West Palm Beach, FL 33401
Phone (561) 491-1200
Facsimile (561) 684-3773
e-mail: craig@kelleylawoffice.com

*Craig I. Kelley, Esq. is directed to serve a copy of the signed order on all parties of record and file with the court a certificate of service conforming with Local Rule 2002-1(F).*