UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION
www.flsb.uscourts.gov

IN RE:   CASE NO.: 19-18585-MAM
         Chapter 11

MERIDIAN MARINA & YACHT CLUB
OF PALM CITY, LLC

    Debtor.
_____/

### MARTIN COUNTY MARINE HOLDINGS LLC'S OBJECTION TO DEBTOR'S PROPOSED USE OF CASH COLLATERAL

Martin County Marine Holdings., LLC's, ( "Marine Holdings") a secured creditor herein, through undersigned counsel, files this Objection to Debtor's Proposed Use of Cash Collaeteral and in support thereof states as follows:

1. On June 27, 2019, (the "Petition Date") Meridian Marina & Yacht Club of Palm City, LLC ( the "Debtor"), filed a voluntary petition under Chapter 11, Title 11 of the United States Code.

2. The Debtor is, a Florida Limited Liability Company, and is successor by Merger to the former Debtor, Martin County Marine Corp., Case No. 12-11819- EPK, and operates the business known as Martin County, Marina.

3. Marine Holdings, the secured creditor is a Florida Limited Liability Company with offices in Orange County Florida. Marine Holding is a secured creditor by reasons of a note secured by a first mortgage on all of the Debtor's real property and an Assignment of Rents which are now reduced to a Default Final Judgment dated December 18, 2018 in the amount of $4,417, 341.17 which continues to bear interest at the prevailing statutory rate

4. Based upon Debtor's Monthly Operating Reports for the months ending January 30, 2020 through April 30, 2020 Debtor's cash receipts have fallen every month in 2020.

1

Despite the decreasing revenues Debtor's budget reflects an increase in receipts in amounts not even achieved in 2019. Despite a lack of income Debtor has increased its proposed budget for insurance by $2,000 per month and increased its budget for repairs by $500.00 per month.

5. Debtor spends approximately $4,697.79 each month on "fuel for sale" but the sale of the fuel is not reflected on Debtor's monthly operating reports.

6. Debtor's insurance expense was $13,156.32 in April 2020 which includes a "life insurance premium"**, but no workman's compensation insurance**. The average amount the Debtor is spending on insurance over the ten (10) month period covered by the Debtor's monthly reports is $11,600.27. **The declaration page produced by the Debtor does not provide for building or windstorm coverage and does not meet the requirement of Debtor's loan. despite repeated requests for same during the week of June 8-12, 2020. The Debtor is supposed to have a commercial property replacement insurance policy for about $2 million replacement cost coverage.**

7. Based upon the monthly operating reports ("MOR") payroll for April was $22,287.11 in April. However, payroll taxes for the ten months this case has been pending is only $14, 970. Payroll taxes are either not being made or under reported. There are no sales taxes being reflected on the MORS.

8. Based upon the MORs there is no money expended on auto, dues, events, fire & security alarm, lawn maintenance ,or office supplies other than postage or repairs to the premises.

9. Debtor's greatest expense is for parts in the amount of $32,630.21, shop supplies $46.533.06 and fuels for sale $46,977.90. These items are not on the budget. Presumably these repairs are generating income which is not reported.

10. Since the Debtor has not provided proof of insurance coverage and the Debtor's monthly operating reports do not support the proposed budget, the Secured Creditor objects to

the further use of cash collateral based on the proposed budget.

WHEREFORE the Debtor respectfully requests an Order denying use of cash collateral until Debtor provides proof of adequate insurance and a realistic budget and for such further relief as the Court deems just.

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by electronic mail to the Office of the United States Trustee on this 15th day of June, 2020, and that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court as set forth in Local Rule 2090-1 (A).

                                                SUSAN D. LASKY, PA
                                                Attorney for Debtor
                                                320 S.E. 18th Street
                                                Fort Lauderdale, FL  33316
                                                (954) 400 7474
                                                Sue@SueLasky.com

                                                By:   */S/ SUSAN D. LASKY*
                                                      SUSAN D LASKY, ESQ.
                                                      Florida Bar No. 451096

John P Carrigan on behalf of Creditor Martin Downs Property Owners' Association, Inc.
jpc@reblawpa.com, mmj@reblawpa.com

Heidi A Feinman on behalf of U.S. Trustee Office of the US Trustee
Heidi.A.Feinman@usdoj.gov

Dana L Kaplan on behalf of Debtor Meridian Marina & Yacht Club of Palm City, LLC
dana@kelleylawoffice.com,
tina@kelleylawoffice.com;cassandra@kelleylawoffice.com;kristina@kelleylawoffice.com;debbie@kelleylawoffice.com;craig@kelleylawoffice.com

Craig I Kelley on behalf of Debtor Meridian Marina & Yacht Club of Palm City, LLC
craig@kelleylawoffice.com,
tina@kelleylawoffice.com;cassandra@kelleylawoffice.com;kristina@kelleylawoffice.com;debbie@kelleylawoffice.com;dana@kelleylawoffice.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov
Alan B Rose, Esq on behalf of Creditor MRACHEK, FITZGERALD ROSE KONOPKA THOMAS & WEISS, P.A.
arose@mrachek-law.com, manderson@mrachek-law.com

4