UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION

IN RE:                                                                                    CASE NO.: 19-18585-MAM
                                                                                          Chapter 11

MERIDIAN MARINA & YACHT CLUB
OF PALM CITY, LLC

    Debtor.
_____/

## MOTION TO CONFIRM EXCLUSIVITY HAS EXPIRED
## OR TO TERMINATE EXCLUSIVITY, OR IN THE ALTERNATIVE,
## MOTION TO APPOINT A CHAPTER 11 TRUSTEE OR
## CONVERT TO A CASE UNDER CHAPTER 7

Pursuant to 11 U.S.C. §§ 1104, 1112 and 1121, Secured Creditor Martin County Marine Holdings, LLC (Marine Holdings) moves to confirm that exclusivity has expired or to terminate exclusivity, or in the alternative, to appoint a Chapter 11 Trustee or to convert this case to a case under Chapter 7, as follows:

### INTRODUCTION

1.    The Debtor has failed in its multiple attempts to sell its property that have spanned two bankruptcies and a gaggle of terminated sale agreements, despite significant interest over the years and presently by potential buyers. The proposed purchaser under that pending plan has abandoned the sale and the unauthorized purported assignee of the purchase and sale agreement has failed to provide assurances of its ability to perform and otherwise has no enforceable obligation to close. It is time for an open auction pursuant to an 11 U.S.C. § 363 sale. Marine Holdings intends to file a plan to allow for such a sale.

2.    Alternatively, either a Chapter 11 Trustee should be appointed, or this case should be converted to a Chapter 7 case. In addition to the above, and upon information and belief, the Debtor has entered into an undisclosed contract to sell property of the estate, the Debtor has failed

1

to obtain necessary property insurance, and the Debtor has failed to adequately address concerns by Florida Department of Environmental Protection regarding possible hazardous contamination.

## HISTORY

3. The Debtor is the owner and operator of a marina and yacht club located in Palm City, Florida, providing boat storage, sales, dockage, servicing and repairs. The facility houses approximately 280 dry storage marina and wet slips located on approximately 6.5 acres (Marina), plus 4.5 acres of unimproved land adjacent to the Marina (Land).

4. Although denied by the Debtor in its Petition [DE 1, ¶9], the Debtor was the subject of a prior voluntary Chapter 11 proceeding styled *In re Martin County Marine Corp.*, Case No. 12-11819 that pended in this jurisdiction and was filed on January 24, 2012.

5. At that time, Marine Holdings held a promissory note in the approximate total amount of $2,600,000 secured by a first lien on the debtor's property. Pursuant to the confirmed plan, Marine Holdings was to be paid monthly interest for 36 months, with the principal due in full at the end of that period.

6. As a result of a default under that plan, on December 18, 2018, Marine Holdings obtained a final judgment against this Debtor in the amount of $4,417,341.17 plus interest. Marine Holdings has not been paid any funds since May 19, 2017.

7. This Case was filed in order to preclude the foreclosure sale of the Debtor's property to satisfy the final judgment in favor of Marine Holdings. It was initiated over a year ago by the filing of a voluntary petition under Chapter 11 on June 27, 2019.

8. Although denied by the Debtor in the Petition [DE 1, ¶7], this is a single asset real estate case as defined by 11 U.S.C. § 101(51B).

9. Over the years, the Debtor has entered into contracts with at least five different purchasers for the sale of the Marina, each at a time when Marine Holdings' was close to realizing

upon its collateral or when the prior contract had been abandoned. In each instance, Marine Holdings has forborne from pursuing its legal remedies in reliance upon the representations of the Timothy Mullen, the managing member of the Debtor. Each and every time, the contract has fallen through. Upon information and belief, in some of those instances, Mr. Mullen repudiated or failed to complete the contract.

## STATUS OF BANKRUPTCY CASE

10. Pursuant to the Third Amended Disclosure Statement [DE 115] and the Amended Plan [DE 111], the Debtor proposes to sell the Marina to Marina Development Partners, LLC. (Marina Development). The purchase price is $6.5 million. To date, Marina Development has deposited $30,000 in trust. A $100,000 additional deposit is due August 25, 2020, which coincides with the end of the due diligence period of August 15, 2020. Confirmation is scheduled for September 22, 2020 [DE 117] and the closing on the sale of the Marina is scheduled for October 17, 2020.

11. Since approval of the Third Amended Disclosure Statement on June 5, 2020 [DE 117], the Debtor has filed a Notice of Assignment of Purchase and Sale Agreement, purportedly assigning the Marina Development contract to Integra Real Estate, LLC (Integra). The Debtor has not sought to amend the Amended Plan nor otherwise obtained Court approval for this assignment.

12. Despite request, Integra has not provided any proof of ability to close and has no risk given that it did not put up the original deposits (which are a mere .46% of the total purchase price) and that the next deposit is not due until August 25, 2020 (such deposit being 1.5% of the total purchase price).

13. Furthermore, the Amended Plan makes no provisions should there be a default or other failure to proceed under the pending purchase and sale agreement.

14. Upon information and belief, the Debtor has entered into a purchase and sale agreement for the Land. This agreement has not been disclosed nor is it the subject of the Amended Plan. Debtor's counsel has not responded to a request for a copy of this agreement.

15. Management of the Marina has also been compromised. Despite numerous communications with Debtor's counsel spanning weeks of request, the Debtor has failed to provide a certificate of property insurance. Such insurance is necessary to protect the Debtor's property from, among other things, an event such as a hurricane.

16. Similarly concerning is a Warning Letter by the Florida Department of Environmental Protection to the Debtor during the pendency of this case regarding possible hazardous contamination. That letter required corrective action be taken and advised that the failure to take such corrective action may result in liability for damages and civil penalties. Upon information and belief, the Debtor has not engaged in the required corrective action or otherwise sought to satisfy the concerns of the FL DEP. Debtor's counsel has not responded to a request for information regarding the status of this Warning Letter.

## EXCLUSIVITY

17. Pursuant to §1121(c), a creditor may file a plan if the debtor has not filed a plan that has been accepted before 180 days after the date of the order for relief by each class of claims or interests that is impaired under the plan. Pursuant to this Court's Order Granting Debtor's Expedited Motion to Extend Exclusive Period entered October 21, 2019, the exclusive period to obtain acceptances of a plan was extended through February 18, 2020. The Debtor did not obtain an extension of this exclusive period. Accordingly, the Debtor's exclusivity period has expired.

18. Even if exclusivity has not lapsed, this Court should terminate the Debtor's exclusive period to obtain acceptances and allow Marine Holdings to file a plan. Pursuant to §1121(d), this Court has discretion to reduce the exclusivity deadlines. As described above, the

Debtor has not modified the pending plan and disclosure statement to provide for a sale of the Marina to Integra, which sale does not appear likely given Integra's failure to provide proof of funds sufficient to close and its lack of any present risk in failing to abide by the terms of the purchase and sale agreement. The pending plan and disclosure statement fail to address the apparent contract for the sale of the Land. And the plan's failure to provide any alternatives to the pending purchase and sale agreement results in this estate being over a year into this Case with no viable plan.

19. Marine Holdings intends to file a plan that provides for a §363 sale of the Marina and the Land via auction, with a potential stalking horse. Marine Holdings is presently researching auctioneers and awaiting a proposal from at least one potential stalking horse. Marine Holdings suggests that the effectiveness of its plan may be tied to a default under the Debtor's Amended Plan and the pending purchase and sale agreement, if adequate assurances are provided by Integra. Furthermore, Marine Holdings seeks authority from the Court to shorten any necessary time periods such that mailing and other time periods coincide with the Debtor's scheduled mailing of the Third Amended Disclosure Statement, Amended Plan and Ballots on August 13, 2020 as provided in the Order Approving the Disclosure Statement [DE 117].

## CHAPTER 11 TRUSTEE OR CONVERSION

20. Sections 1104(a) and 1112(b) require the Court to appoint a Chapter 11 Trustee or convert to a Chapter 7 for cause, including gross mismanagement of the affairs of the debtor by current management. Section 1112(b) further defines cause as including failure to maintain appropriate insurance. The allegations made herein establish cause to appoint a Chapter 11 Trustee or to convert this case to a case under Chapter 7.

Wherefore, Marine Holdings hereby requests that this Court enter an Order confirming that exclusivity has expired or terminating exclusivity, or in the alternative, to appoint a Chapter 11 Trustee or to convert this case to a case under Chapter 7.

Dated: July 21, 2020

I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rules 2090-1(A) and 9011-4(A)(1).

                              **SPECTOR RUBIN, P.A.**

By:   */s/ Amber Donner*
       Amber Donner
       Florida Bar No. 600032
       Continental Plaza
       3250 Mary Street, Suite 405
       Miami, Florida 33133
       Tel: (305) 537-2009
       Cell Phone: (303) 359-1314
       Fax: (305) 537-2001
       *Attorney for Martin County Marine Holdings, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

By:   */s/ Amber Donner*
       Amber Donner
       Florida Bar No. 600032

Notice will be electronically mailed to:

Alan B Rose, arose@mrachek-law.com

John P Carrigan, jpc@reblawpa.com

Dana L Kaplan, dana@kelleylawoffice.com, tina@kelleylawoffice.com; craig@kelleylawoffice.com; cassandra@kelleylawoffice.com; kaplandr75945@notify.bestcase.com; Debbie@kelleylawoffice.com

Craig I Kelley, craig@kelleylawoffice.com, dana@kelleylawoffice.com , kelleycr75945@notify.bestcase.com; tina@kelleylawoffice.com ; craig@kelleylawoffice.com; cassandra@kelleylawoffice.com; kaplandr75945@notify.bestcase.com;

Office of the US Trustee USTPRegion21, Heidi.A.Feinman@usdoj.gov; USTPRegion21.MM.ECF@usdoj.gov