UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION

IN RE:                                                    CASE NO.: 19-18585-MAM
                                                          Chapter 11

MERIDIAN MARINA & YACHT CLUB
OF PALM CITY, LLC

    Debtor.
_____/

## SECURED CREDITOR MARTIN COUNTY MARINE HOLDINGS, LLC'S OBJECTION TO THE DEBTOR'S MOTION FOR AUTHORIZATION TO SELL

Secured Creditor Martin County Marine Holdings, LLC (Marine Holdings) objects to the Motion for Authorization to Sell Assets Free and Clear of Liens, Claims, Encumbrances and Interests filed by Debtor Meridian Marina & Yacht Club of Palm City, LLC [DE 138] (Motion to Sell) as follows:

### INTRODUCTION

1.    The Motion to Sell seeks the sale of all the Debtor's property, including a marina with related operations and contiguous vacant land. The proceeds of the sale, if consummated in its present form, will pay all claims and interest, including equity. Marine Holdings supports such sale. Marine Holdings objects, however, to the continued lack of obligation or risk of the present purchaser and the repeated modifications to the purchase and sale agreement and plan without notice and Court approval.

### THE DEBTOR AND MARINE HOLDINGS

2.    The Debtor is the owner and operator of a marina and yacht club located in Palm City, Florida, providing boat storage, sales, dockage, servicing and repairs. The facility houses approximately 280 dry storage marina and wet slips located on approximately 6.5 acres (Marina), plus 4.5 acres of unimproved land adjacent to the Marina (Land).

3. Although denied by the Debtor in its Petition [DE 1, ¶9], the Debtor was the subject of a prior voluntary Chapter 11 proceeding styled *In re Martin County Marine Corp.*, Case No. 12-11819 that pended in this jurisdiction and was filed on January 24, 2012.

4. At that time, Marine Holdings held a promissory note in the approximate total amount of $2,600,000 secured by a first lien on the debtor's property. Pursuant to the confirmed plan, Marine Holdings was to be paid monthly interest for 36 months, with the principal due in full at the end of that period.

5. As a result of a default under that plan, on December 18, 2018, Marine Holdings obtained a final judgment against this Debtor in the amount of $4,417,341.17 plus interest. Marine Holdings has not been paid any funds since May 19, 2017.

6. This Case was filed to preclude the foreclosure sale of the Debtor's property to satisfy the final judgment in favor of Marine Holdings. It was initiated over a year ago by the filing of a voluntary petition under Chapter 11 on June 27, 2019.

7. Over the years, the Debtor has entered into multiple contracts for the sale of the Marina, each at a time when Marine Holdings' was close to realizing upon its collateral or when the prior contract had been abandoned or repudiated, at times not by the purchaser but by the Debtor. In each instance, Marine Holdings has forborne from pursuing its legal remedies in reliance upon the representations of the Debtor. The present purchaser is the third proposed in this case.

**THE BANKRUPTCY CASE**

8. On June 5, 2020, this Court entered an Order approving the Debtor's Third Amended Disclosure Statement [DE 115] and setting the Amended Plan [DE 111] for confirmation on September 22, 2020.

9. The Amended Plan proposes pursuant to a Purchase and Sale Agreement (Marina P&S) to sell the Marina to Marina Development Partners, LLC. (Marina Development). The purchase price is $6.5 million. Marina Development deposited $30,000 in trust. A $100,000 additional deposit is due August 25, 2020, which coincides with the end of the due diligence period of August 15, 2020. The closing on the sale of the Marina is scheduled for October 17, 2020.

10. Subsequent to the Court's approval of the Third Amended Disclosure Statement, after the initial denial by Debtor's counsel of an assignment and after requests for information from the Debtor's counsel by the undersigned, the Debtor filed on July 7, 2020 a Notice of Assignment of Purchase and Sale Agreement to Integra Real Estate, LLC (Integra) dated July 1, 2020.

11. Thereafter on July 20, 2020, and again after requests by undersigned counsel for information from the Debtor's counsel about a possible contract for sale of the Land, the Debtor filed the Motion to Sell, that disclosed for the first time a contract for the sale of the Land and an assignment of that contract to Integra. The Purchase and Sale Agreement for the Land (Land P&S) had been executed on May 17, 2020, weeks prior to the Court's approval of the Third Amended Disclosure Statement.

12. On July 27, 2020, presumably at least in part in response to concerns raised by the undersigned (but not in consultation with the undersigned), the Debtor filed its Second Amended Plan of Reorganization [DE 140] (Second Amended Plan). The Second Amended Plan provides for the sale of the Marina and Land to Integra under the terms of the original purchase and sale agreements. The Second Amended Plan also provides for a public auction of the Marina and Land if the sale to Integra does not occur (October 17, 2020), designates the auction firm, provides for a minimum of a 120-day marketing period, and an auction sale no earlier than February 17, 2021.

No auction procedures are provided for and no outside date for an auction is contemplated such that in effect the Second Amended Plan provides unlimited exclusivity in favor of the Debtor.

13. Presently pending before the Court and scheduled for hearing the same day as the Motion to Sell is Marine Holding's Motion to Confirm Exclusivity has Expired or to Terminate Exclusivity, or in the Alternative, Motion to Appoint a Chapter 11 Trustee or Convert to a Case Under Chapter 7 [DE 128] (Motion Regarding Exclusivity). The Motion Regarding Exclusivity was originally set for August 11, 2020 but as represented on July 28, 2020 at the last hearing on the Debtor's continued use of Marine Holdings' cash collateral, the Motion Regarding Exclusivity was continued to the same date as the hearing on the Motion to Sell to allow the due diligence period of August 15, 2020 (Due Diligence Period) to lapse under the Marina P&S and for Integra to deposit the $100,000 due August 25, 2020.

14. Unfortunately, but not surprisingly, pursuant to a Notice of Filing [DE 160], the Debtor and Integra have entered into First Amendments to Purchase and Sale Agreements for both the Marina and the Land (Amendments to P&S). The Amendments to P&S provide for an extension of the Due Diligence period to September 13, 2020 and for an "additional" deposit of $50,000 (along with the $30,000 in deposits made by the original purchaser, Marina Development) that Integra's counsel has represented is presently in trust.[1] The effect of the Amendments to P&S is that Integra presently has no money at risk on a $9 million dollar transaction and now has the benefit of the $30,000 in deposits made by the Marina Developments. Furthermore, the managing member of Marina Developments is now a principal at Integra, such that Integra has had the benefit of due diligence since at least the execution of the Marina P&S on May 17, 2020. Even if all deposit monies contemplated under the Marina P&S and the Amendments to P&S were non-

---

[1] Undersigned has requested, but not received, an escrow agreement required by the Marina P&S.

refundable, such amount ($180,000 if the $50,000 is truly an additional deposit) equals two percent of the total amounts. The standard deposit on a such a transaction would be at least ten percent. The lack of standard non-refundable deposit is especially disconcerting as Integra has failed to provide proof of ability to close – the only information provided to the undersigned were promotional materials that described projects participated in by Integra.

15. The Debtor did not amend the Third Amended Disclosure Statement to provide for the terms of the Second Amended Plan and the events occurring thereafter, including the assignment of the Marina P&S, the Land P&S, the assignment of the Land P&S, the Motion to Sell, the Second Amended Plan, and the Amendments to P&S.

16. The Third Amended Disclosure Statement, the Second Amended Plan and Ballots were mailed to creditors and parties in interest on August 3, 2020. Certificate of Service [DE 155].

Wherefore, Marine Holdings objects to the Motion to Sell.

Dated: August 21, 2020

I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rules 2090-1(A) and 9011-4(A)(1).

**SPECTOR RUBIN, P.A.**

By: */s/ Amber Donner*
Amber Donner
Florida Bar No. 600032
Continental Plaza
3250 Mary Street, Suite 405
Miami, Florida 33133
Tel: (305) 537-2009
Cell Phone: (303) 359-1314
Fax: (305) 537-2001
*Attorney for Martin County Marine Holdings, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 21, 2020 I electronically filed the foregoing with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

By: */s/ Amber Donner*
Amber Donner
Florida Bar No. 600032

Notice will be electronically mailed to:

**Alan B Rose**, arose@mrachek-law.com

**John P Carrigan**, jpc@reblawpa.com

**Linda W Jackson**, LJackson@PardoJackson.com, catheryne@pardojackson.com; mfuentes@pardojackson.com

**Dana L Kaplan**, dana@kelleylawoffice.com, tina@kelleylawoffice.com; craig@kelleylawoffice.com; cassandra@kelleylawoffice.com; kaplandr75945@notify.bestcase.com; Debbie@kelleylawoffice.com

**Craig I Kelley**, craig@kelleylawoffice.com, dana@kelleylawoffice.com , kelleycr75945@notify.bestcase.com; tina@kelleylawoffice.com ; craig@kelleylawoffice.com; cassandra@kelleylawoffice.com; kaplandr75945@notify.bestcase.com;

**Office of the US Trustee** USTPRegion21, Heidi.A.Feinman@usdoj.gov; USTPRegion21.MM.ECF@usdoj.gov