**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**
www.flsb.uscourts.gov

IN RE:  CASE NO.: 19-18585-MAM
 Chapter 11
MERIDIAN MARINA & YACHT CLUB
OF PALM CITY, LLC

Debtor.
_____/

**DEBTOR'S EXPEDITED MOTION TO APPROVE BIDDING PROCEDURES AND THE SALE OF SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS FREE AND CLEAR OF CERTAIN LIENS, CLAIMS, AND ENCUMBRANCES PURSUANT TO AN AUCTION SALE AND SETTING HEARING**

**Expedited Hearing Requested:** At the last hearing on this case on September 22, 2020, Debtor was directed to file this Motion by September 29, 2020 on an expedited basis to ensure that the marketing of the Offered Assets was able to begin as began as quickly as practicable. Based on the direction at the September 22, 2020 hearing the Debtor requests that a hearing on this Motion be set on **October 6, 2020**.

**THE DEBTOR**, by and through the undersigned counsel, hereby files this Expedited Motion to Approve Bidding Procedures and the Sale of Substantially all of the Debtor's Assets Free and Clear of Certain Liens, Claims, and Encumbrances Pursuant to An Auction Sale and in support of this Motion, the Debtor respectfully represent as follows:

**JURISDICTION**

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of the Debtor' bankruptcy cases and this Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are sections 105(a), and 365 of the Bankruptcy Code.

1

## PROCEDURAL BACKGROUND

2. On June 27, 2019 the Debtor commenced the above-captioned case by filing a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code in this Court.

3. The Debtor is operating its businesses and managing its affairs as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

## BACKGROUND

4. By this Motion, the Debtor seeks the entry of an order approving the Bidding Procedures (attached hereto) in connection with the sale of substantially all of the Debtor' assets.

5. On September 17, 2020, the Court entered an Order Granting Debtor Meridian Marina & Yacht Club of Palm City, LLC's Motion for Authorization to Sell Assets Free and Clear of Liens, Claims, Encumbrances and Interests (the "Order") [D.E. #206]. Paragraph 17 of the Order provides for an auction sale under Section 363 of the Bankruptcy Code in the event the sale contract contemplated therein was terminated. This Motion is being filed in accordance Paragraph 17(d) of the Order.

## OFFERED ASSETS

6. The Debtor is the owner and operator of a marina and yacht club located in Palm City, Florida, providing boat storage, boat sales, dockage, servicing and repairs. The Debtor seeks to sell the entirety of its assets (the "Offered Assets"), which include:

- The real property located at 1400 SW Chapman Way (Parcel ID 07-38-41-015-000-00010-0), together with the buildings and improvements thereon and all right, title and interest of Seller in and to appurtenances of the Land, including riparian rights, easements and rights-of-way relating thereto, and, without warranty, all right, title and interest of Seller in and to the land lying within any street or roadway adjoining the Land or any vacated or hereafter vacated street or alley adjoining said Land;

- All of Seller's right, title and interest, if any, in and to all fixtures, furniture, equipment, and other tangible personal property, if any, owned by Seller (collectively,

2

       the "Personal Property") presently located on the Land or used in connection with the Property, including, without limitation, all:
- vehicles and watercraft, including trailers and travel-lifts;
- telephone systems and computer equipment, including software installed thereon;
- third party vendor parts and accessories located at the Property or in transit to the Property on the Closing Date and
- gasoline, motor oil, and other similar fuel and fluids currently stored on the Property;

- 3.38 acres located at 1120 SW Chapman Way (07-38-41-000-000-00010-7);

- Water retention area (Parcel ID 07-38-41-015-000-00001-1);

- Dock Parcels (Parcel IDs 07-38-41-017-000-00250-7, 07-38-41-017-000-00240-0, 07-38-41-017-000-00230-2).

## **PROPOSED BIDDING PROCEDURES**

7. The Debtor respectfully requests that the Court approve bidding procedures substantially in the form attached hereto as **Exhibit "A"** ("Bidding Procedures") in connection with the sale of the Offered Assets with a final sale hearing to be scheduled by this Court.

8. The Bidding Procedures provide a flexible process where the Debtor will be soliciting bids for all of the Debtor' assets. The Debtor expressly reserves the right to modify the relief requested in this Motion prior to or at the applicable hearings, including modifying the proposed Bidding Procedures.

9. The Debtor has determined, in its reasonable business judgment, that a sale of the assets at this time, even without a traditional "stalking horse" bidder, is warranted and necessary. However, the Debtor requests that it be authorized to enter into an agreement that provides a bidder who is willing to serve as a stalking horse bidder a Breakup Fee of $50,000.00 upon a successful closing by either the Highest and Best bidder or the Backup bidder.

10. The ability of the Debtor to offer potential purchasers bidding protections is beneficial

to the Debtor's estate and creditors because the Debtor can provide the incentive required to induce a bidder to submit or increase its bid prior to the Auction. The ability to offer the Breakup Fee may induce bids for some or all of the Offered Assets that would not otherwise be made. In addition, to the extent bids can be improved prior to the Auction, a higher floor will have been established for further bidding at the Auction. Thus, even if a Qualified Bidder is awarded a Breakup Fee, and that Qualified Bidder is not a winning bidder, the Debtor and its estate will have benefited from the higher floor established by such bid. The Debtor will exercise prudent business judgment before offering or agreeing to any bidding protection and will only do so if such protection, in the reasonable business judgment of the Debtor, will likely result in the realization of greater value for the Debtor and its estates.

11. Approval of breakup fees and other forms of bidding protection in connection with the sale of significant assets pursuant to Section 363 of the Bankruptcy Code has become an established practice in Chapter 11 cases. Three different approaches have been used by the bankruptcy courts in assessing the validity and enforceability of bidding incentives.

12. The first approach – the business judgment test – is based on the corporate control cases and applies the business judgment rule to make certain that bidding is promoted, not deterred and that the fees are reasonable in relationship to the size of the transaction and the bidder's efforts. *See In re Twenver, Inc.*, 149 B.R. 954, 956 (Bankr. D. Col. 1992); *In re Integrated Resources, Inc.*, 135 B.R. 746, 753 (Bankr. S.D.N.Y. 1992), *aff'd*, 147 B.R. 650 S.D.N.Y. 1992), *appeal dismissed*, 3 F. 3d 49 (2d Cir. 1993); *In re 995 Fifth Avenue Assocs.*, LP. 96 B.R. 24, 28 (Bankr. S.D.N.Y. 1989); *see also Cottle v. Stores Communications, Inc.*, 849 F. 2d 570 (11th Cir. 1988) (using business judgment test in corporate control context). This approach also has been endorsed by a leading bankruptcy treatise. See 3 Collier on Bankruptcy § 363.02[6] at 363-21 (15th ed. 2005)

4

(courts "should approve [bidding incentives] unless they are unreasonable or appear more likely to chill the bidding process than to enhance it.").

13. The second approach – the best interests of the estate test – focuses on whether the bidding incentive at issue is in the best interests of the estate to ensure that the debtor's estate is not unduly burdened and that the relative rights of the parties are protected. *See In re America West Airlines, Inc.*, 166 B.R. 908, 912 (Bankr. D. Ariz. 1994); *see also In re S.N.A. Nut Co.*, 186 B.R. 98, 104 (Bankr. N.D. Ill. 1995.

14. The third approach – the administrative claim test – considers whether the bidding incentive at issue is "actually necessary to preserve the value of the estate." *See In re O'Brien Environmental Energy, Inc.*, 181 F. 3d 527, 535 (3d Cir. 1999), *see also AgriProcessors, Inc. v. Iowa Quality Beef Supply Network, L.L.C. (In re Tama Beef Packing, Inc.)*, 290 B.R. 90, 97-98 (B.A.P. 8th 2003); *In re Dorado Marine, Inc.*, 332 B.R. 637 (M.D. Fla. 2005).

15. The Debtor submits that under each of the above tests the proposed Breakup Fee will not chill bidding but enhance it and that the proposed Breakup Fee will preserve and enhance the value of the estates' assets.

## SALE OF ASSETS FREE AND CLEAR OF CERTAIN LIENS, CLAIMS AND ENCUMBRANCES

16. The Debtor has previously requested the Offered Assets be sold by way of an auction sale in the event the sale to the previously approved purchaser was terminated, which sale has been approved by this Court.

17. Under section 363 of the Bankruptcy Code, a debtor in possession may sell property of its estate outside of the ordinary course of its business, subject to the approval of the court after notice and a hearing. *See* 11 U.S.C. § 363(b)(1). Section 363 of the Bankruptcy Code does not set forth a standard for determining when it is appropriate for a court to authorize the sale or disposition

of a debtor's assets prior to confirmation of a plan. However, courts have required that the decision to sell assets outside the ordinary course of business be based upon the sound business judgment of the debtor. *See Licensing By Paolo, Inc. v. Sinatra (In re Gucci)*, 126 F.3d 380, 387 (2d Cir. 1997) ("A sale of a substantial part of a Chapter 11 estate may be conducted if a good business reason exists to support it."); *Comm. of Equity Security Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1071 (2d Cir. 1983); *In re Chateaugay Corp.*, 973 F.2d 141, 143 (2d Cir. 1992); *Stephens Indus. v. McClung*, 789 F.2d 386, 390 (6th Cir. 1986) ("bankruptcy court can authorize a sale of all a Chapter 11 debtor's assets under [section] 363(b)(1) when a sound business purpose dictates such action.").

18. Furthermore, a court may authorize the sale under Bankruptcy Code § 363(b) of substantially all of a debtor's assets as long as the debtor has articulated a sound business justification for such sale. Committee of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.), 722 F.2d 1063, 1070-71 (2nd Cir. 1983).

19. Courts have made it clear that a debtor's showing of a sound business justification need not be unduly exhaustive, but, rather, a debtor is "simply required to justify the proposed disposition with sound business reasons." In re Baldwin United Corp., 43 B.R. 888, 906 (Bankr. S.D. Ohio 1984).

20. As set forth in prior pleadings in this case, the Debtor believes, in its sound business judgment, that the contemplated auction sale will offer the best price and the best terms for the sale of the Offered Assets.

21. By way of this Motion, the Debtor requests that this Court schedule a further hearing after completion of the auction wherein the Debtors will seek the entry of an order from the Bankruptcy Court approving and authorizing the proposed sale to the successful bidder(s) on the

terms and conditions of the successful bid.

**WHEREFORE**, the Debtor respectfully requests that this Court enter an Order Granting Debtor's Expedited Motion to Approve Bidding Procedures and the Sale of Substantially all of the Debtor's Assets Free and Clear of Certain Liens, Claims, and Encumbrances Pursuant to An Auction Sale, scheduling a hearing after completion of the auction authorizing the proposed sale and for other such relief as this Court deems just and proper

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this court set forth in Local Rule 2090-1(A) and that a true and correct copy of the foregoing was furnished by U.S. Mail to the parties listed on the attached mail list on the 29$^h$ day of September 2020.

> KELLEY, FULTON & KAPLAN P.L.
> Attorney for Debtor
> 1665 Palm Beach Lakes Blvd.
> The Forum - Suite 1000
> West Palm Beach, Florida 33401
> Tel: (561) 491-1200
> Fax:(561) 684-3773
>
> BY: __/s/ Craig I. Kelley
>     CRAIG I. KELLEY, ESQUIRE
>     Florida Bar No. 782203
>     DANA KAPLAN, ESQUIRE
>     Florida Bar No. 44315

Mailing Information for Case 19-18585-MAM

**Electronic Mail Notice List**

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- **John P Carrigan**   jpc@reblawpa.com, mmj@reblawpa.com
- **Amber E Donner**   Amber.Donner@SpectorRubin.com, heidiparalegal@gmail.com
- **Heidi A Feinman**   Heidi.A.Feinman@usdoj.gov

- **Linda W Jackson**    LJackson@PardoJackson.com, catheryne@pardojackson.com;mfuentes@pardojackson.com
- **Dana L Kaplan**    dana@kelleylawoffice.com, tina@kelleylawoffice.com;cassandra@kelleylawoffice.com;kristina@kelleylawoffice.com;debbie@kelleylawoffice.com;craig@kelleylawoffice.com
- **Craig I Kelley**    craig@kelleylawoffice.com, tina@kelleylawoffice.com;cassandra@kelleylawoffice.com;kristina@kelleylawoffice.com;debbie@kelleylawoffice.com;dana@kelleylawoffice.com
- **Office of the US Trustee**    USTPRegion21.MM.ECF@usdoj.gov
- **Alan B Rose**    arose@mrachek-law.com, manderson@mrachek-law.com

**Manual Notice List**

The following is the list of **parties** who are **not** on the list to receive email notice/service for this case (who therefore require manual noticing/service). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

Aspen Environmental Consulting, LLC
2014 SW Oxbow Way
Palm City, FL 34990

Charles Goodman
3022 SW Lake Terrace
Palm City, FL 34990

Sue Lasky
320 SE 18th St
Fort Lauderdale, FL 33316-2818

Paul Lane
10380 SW Village Center Dr # 419
Port St Lucie, FL 34987-1931

See attached matrix.

| | | |
|---|---|---|
| Label Matrix for local noticing<br>113C-9<br>Case 19-18585-MAM<br>Southern District of Florida<br>West Palm Beach<br>Fri Jul 24 15:39:19 EDT 2020 | Aspen Environmental Consulting, LLC<br>2014 SW Oxbow Way<br>Palm City, FL 34990-3244 | Integra Real Estate, LLC<br>150 SE 2nd Ave<br>Suite 800<br>Miami, FL 33131-1574 |
| MRACHEK, FITZGERALD ROSE KONOPKA THOMAS & WE<br>505 S. Flagler Drive<br>Suite 600<br>West Palm Beach, FL 33401-5945 | Martin County Marine Holdings LLC<br>c/o Amber E Donner<br>3250 Mary Street # 405<br>Miami, FL 33133-5232 | Martin Downs Property Owners' Associati<br>c/o Ross Earle Bonan & Ensor, P.A.<br>P.O. Box 2401<br>Stuart, FL 34995-2401 |
| Meridian Marina & Yacht Club of Palm City, L<br>1400 SW Chapman Way<br>Palm City, FL 34990-2400 | 5T Wealth Partners LP<br>Department#6200<br>P.O. Box 830539<br>Birmingham,, AL 35283-0539 | ADR Electric Inc<br>P.O. Box 665<br>Jensen Beach, FL 34958-0665 |
| Allstate Insurance<br>P.O. Box 4344<br>Carol Stream, IL 60197-4344 | Aspen Environmental<br>P.O. Box 2753<br>Stuart, FL 34995-2753 | Aspen Environmental Consulting, LLC<br>c/o Jodi Beck<br>2014 SW Oxbow Way<br>Palm City, FL 34990-3244 |
| Bartlett Brothers Security<br>2694 SE Willoughby Blvd<br>Stuart, FL 34994-4700 | Capital One Bank (USA), N.A.<br>by American InfoSource as agent<br>PO Box 71083<br>Charlotte, NC  28272-1083 | Cassidy Ice<br>3240 SE Dominica Terrace<br>Stuart, FL 34997-5758 |
| Charles Goodman<br>3022 SW Lake Terrace<br>Palm City, FL 34990-1927 | Clark Environmental<br>755 Prairie Industrial Pkwy<br>Mulberry, FL 33860-6559 | Colonial Life<br>P.O. Box 1365<br>Columbia, SC 29202-1365 |
| Comcast<br>P.O. Box 71211<br>Charlotte, NC 28272-1211 | EDC<br>10250 SW Village Parkway, Suite 201<br>Port Saint Lucie, FL 34987-2362 | Florida Department of Revenue<br>5050 West Tennessee Street<br>Tallahassee, FL 32399-0140 |
| Florida Power & Light<br>General Mail Facility<br>Miami, FL 33188-0001 | Grainger<br>1800 N. Florida Mango Rd<br>West Palm Beach, FL 33409-6486 | Gunster<br>777 South Flagler Drive<br>West Palm Beach, FL 33401-6194 |
| Industrial Hose and Hydraulics<br>2450 N.Powerline Rd<br>Pompano Beach, FL 33069-1051 | (p)INTERNAL REVENUE SERVICE<br>CENTRALIZED INSOLVENCY OPERATIONS<br>PO BOX 7346<br>PHILADELPHIA PA 19101-7346 | Internal Revenue Service<br>Central Insolvency Operation<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346 |
| Kapp Morrison, LLP<br>7900 Glades Road Suite 550<br>Boca Raton, FL 33434-4167 | Law Office of Robert M. Lewis, LLC<br>P.O. Box 1831<br>Jupiter, FL 33468-1831 | MIC<br>2964 Airway Ave<br>Costa Mesa, CA 92626-6018 |

| | | |
|---|---|---|
| Martin County Marine Holdings, LLC<br>1206 North Park Avenue<br>Winter Park, FL 32789-2542 | Martin County Property Owner's Associat<br>C/O Ross Earl Bonan and Ensor PA<br>789 SW Federal Highway<br>Stuart, FL 34994-2962 | Martin County Tax Collector<br>3485 SE Willoughby Blvd<br>Stuart, FL 34994-5062 |
| Martin County Utilities<br>P.O. Box 9000<br>Stuart, FL 34995-9000 | Marvin Kennard<br>4971 SW Lake Grove Circle<br>Palm City, FL 34990-8506 | Meridian Marina & Yacht Club of Palm Ci<br>2625 W Grandview Rd Suite 150<br>Phoenix, AZ 85023-3109 |
| Mracheck Law<br>505 S. Flagler Drive, Suite 600<br>West Palm Beach, FL 33401-5945 | Office of the US Trustee<br>51 S.W. 1st Ave.<br>Suite 1204<br>Miami, FL 33130-1614 | PI Finance<br>PO Box 922025<br>Norcross, GA 30010-2025 |
| Palmdale Oil Company, Inc.<br>911 N 2nd St<br>Fort Pierce, FL 34950-9121 | Paul Lane<br>7880 North University Drive<br>Suite 2000<br>Fort Lauderdale, FL 33321-2124 | Plastic Pro<br>DKG Concepts Incorporated<br>P.O. Box 2359<br>Palm City, FL 34991-7359 |
| Progressive Environmental Services Inc.<br>19 National Dr<br>Franklin MA 02038-3243 | Robert Jennings, P.A.<br>306 S.E. Detroit Ave<br>Stuart, FL 34994-2113 | Robert Sader, P.A.<br>224 Commercial Blvd Suite 310<br>Fort Lauderdale, FL 33308-4443 |
| SWS Environmental Services<br>P.O. Box 538498<br>Atlanta, GA 30353-8498 | Safety Kleen<br>2600 North Central Expressway Suite 400<br>Richardson, TX 75080-2058 | Shaun T. Plymale<br>100 SW Albany Avenue<br>Suite 310<br>Stuart, FL 34994-2000 |
| Shraiberg, Landau, & Page PA<br>2385 N.W. Executive Center Drive<br>Suite 300<br>Boca Raton, FL 33431-8530 | State of Florida - Department of Revenue<br>Post Office Box 6668<br>Tallahassee, FL 32314-6668 | Sudden Service, Inc<br>P.O. Box 903<br>Louisville, MS 39339-0903 |
| Susan Lasky<br>320 Southeast 18th Street<br>Fort Lauderdale, FL 33316-2818 | The Zenith Insurance Company<br>21255 Califa St<br>Woodland Hills, CA 91367-5021 | Time Payment Corp<br>1600 District Avenue<br>Suite 200<br>Burlington, MA 01803-5233 |
| Treasure Coast Legal<br>100 SW Albany Avenue Suite 310<br>Stuart, FL 34994-2000 | W.W. Grainger, Inc<br>401 S Wright Road W4E.C37<br>Janesville WI 53546-8729 | Waste Management of SFlorida<br>P.O. Box 4648<br>Carol Stream, IL 60197-4648 |
| William Scotsman<br>901 S. Bond Street. #600<br>Baltimore, MD 21231-3348 | Zimmer Construction<br>129 N.W. 13th St Suite 20<br>Boca Raton, FL 33432-1635 | Zimmer Construction Consultants, P.A.<br>129 NW 13th Street<br>Suite 20<br>Boca Raton, FL 33432-1635 |

| | | |
|---|---|---|
| m2 Lease Funds LLC<br>175 N. Patrick Blvd., Suite 140<br>Brookfield, WI 53045-5811 | m2 Lease Funds LLC<br>175 North Patrick Boulevard<br>Earth City, MO 63045 | Amber E Donner<br>3250 Mary Street # 405<br>Miami, FL 33133-5232 |
| Craig I Kelley<br>1665 Palm Beach Lakes Blvd #1000<br>West Palm Beach, FL 33401-2109 | Dana L Kaplan<br>1665 Palm Beach Lakes Blvd #1000<br>W Palm Beach, FL 33401-2109 | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| Internal Revenue Service<br>Acting US Attorney<br>99 NE 4th Street<br>Miami, FL 33132 | (d)Internal Revenue Service<br>Atty General United States Dept Justice<br>Tenth & Constitution<br>Washington, DC 20530 | (d)Internal Revenue Service<br>c/o IRS District Counsel<br>Claude Pepper Federal Bldg<br>51 S.W. 1st Ave., 11th Floor<br>Miami, FL 33130 |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (u)West Palm Beach | (d)Martin Downs Property Owners' Associati<br>c/o Ross Earle Bonan & Ensor, P.A.<br>P.O. Box 2401<br>Stuart, FL 34995-2401 | (u)See attached |
| (d)Charles Goodman<br>3022 SW Lake Terrace<br>Palm City, FL 34990-1927 | End of Label Matrix<br>Mailable recipients    64<br>Bypassed recipients     4<br>Total                  68 | |

## Meridian Marina & Yacht Club of Palm City, LLC
## Hybrid Sealed Bid Auction Bid Procedures

i. To become a Qualified Bidder or a Stalking Horse bidder for this auction a bidder will be required to submit a Bid Package including the following items:
   a. A signed and initialed Bidder Certification stating the bidder understands the terms and condition, bid procedures and will comply with both.
   b. Signed Purchase and Sale Agreement (PSA) to purchase the property in its entirety for a gross contract price with a bid deposit of **$75,000** cashier's check or wire transfer made payable to Tranzon Driggers Escrow Account. The PSA may be submitted electronically subject to the discretion of Tranzon Driggers.
   c. Proof of funds to complete the transaction.
ii. The gross contract price will be equal to a high bid + a 5% Buyer's Premium. The Secured Creditor, and/or its successors or assigns, is not required to submit a PSA to credit bid up to their secured credit limit in the best and final online auction.
iii. The Bid Package must be delivered to Tranzon Driggers in person or via trackable document delivery service on or before 4:00 PM ET the day of the bid opening deadline which will be scheduled to occur no later (pick a date or an event) _____
iv. After the bids have been submitted to, recorded and analyzed by Tranzon Driggers and **Kelley, Fulton & Kaplan, P.L.**, the Debtor reserves the right to conduct a best and final online auction that will begin at 11:00 AM ET the next business day.
v. Only the bidders within 20% of the highest bid submitted, will be qualified to participate in the online auction subject to the discretion of Tranzon Driggers.
vi. The Secured Creditor, and/or its successors or assigns, and the Stalking Horse bidder, if applicable, will be deemed qualified to participate in the online auction.
vii. If the Secured Creditor, and/or its successors or assigns, bids beyond their secured credit limit, they will be subject to the same terms and conditions as all other Qualified Bidders for the full amount of their final bid plus Buyer's Premium.
viii. If the Stalking Horse bid is not the highest and best bid in the auction event and the Stalking Horse bidder does not place a higher bid, they will be paid a Breakup Fee in the amount of $50,000 upon a successful closing by either the Highest and Best bidder or the Backup bidder.
ix. If the Stalking Horse bidder places a bid in the online portion of the auction higher than their original bid, they will no longer qualify to receive the Breakup Fee and any subsequent bids will be subject to the same terms and conditions as all other Qualified Bidders for the full amount of their final bid plus the Buyer's Premium.
x. Bid increments for the online auction will be $25,000 (with discretion given to the auctioneer).
xi. The online auction will be open for bidding by the qualified bidders until 4:00 PM ET the day it begins, subject to the auto-extend features of the Tranzon bidding platform.
xii. The highest and best bidder will execute an addendum to their original PSA to modify the highest bid, the revised Buyer's Premium, the gross contract price and total deposit to reflect their highest bid in the online portion of the auction.
xiii. The highest and best bidder will increase the escrow deposit to 10% of the gross contract price via wire transfer to the closing agent within 24 hours of being deemed the highest and best bidder.
xiv. The back-up bidder will execute an addendum reflecting his/her bid subject to the closing of the highest and best bid.
xv. The back-up bidder will increase the escrow deposit to 10% of the total purchase price within 2 business days of notification by Tranzon Driggers that the highest and best bidder defaulted and will be given 30 days from notification to close the transaction.
xvi. A hearing to approve the sale will be scheduled within 3 business days of the online auction event.

| | |
|---|---|
| xvii. | Bid deposits will be returned by Tranzon Driggers to the qualified bidders within 5 business days of the end of the auction except the highest and best bidder and the back-up bidder. |
| xviii. | The bid deposits of the highest and back-up bidders will be tendered to closing agent by Tranzon Driggers. |
| xix. | The closing will be within 30 days of the online auction event, or within 10 days of a court order approving the sale, whichever is longer. |
| xx. | If Secured Creditor, and/or its successors or assigns, is the successful bidder on the online auction, it will execute a memorandum of sale memorializing the terms of their bid. (Price + $25,000 buy-in fee to Tranzon Driggers) |