UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
ORLANDO DIVISION

Case No. 19-18585-MAM

CHAPTER 11

IN RE:

MERIDIAN MARINA & YACHT CLUB OF
PALM CITY, LLC

Debtor.
_____/

### RESPONSE IN OPPOSITION TO OBJECTION TO CLAIM AND MOTION TO STRIKE OBJECTION AND INCORPORATED MEMORANDUM OF LAW

Creditor NRC GULF ENVIRONMENTAL SERVICES, INC. f/k/a PROGRESSIVE ENVIRONMENTAL SERVICES, INC. d/b/a SWS ENVIRONMENTAL SERVICES ("SWS") by and through undersigned counsel, hereby moves the Court to strike the Objection of Debtor MERIDIAN MARINA & YACHT CLUB OF PALM CITY, LLC ("Meridian") and states further in support as follows:

1) On September 16, 2019, SWS (as Progressive Environmental Services, Inc.) timely filed its Proof of Claim in this matter, stating that Meridian is indebted to SWS in the amount of $58,433.21 (POC No. 11).

2) On May 29, 2020, Meridian filed its Third Amended Disclosure [Doc 115] and stated in "Exhibit A" thereto that the correct amount of Claim 11 by Progressive Environmental Services, Inc. was $46,179.83, and that the claim shall be reduced to that amount. [Doc 115-1].

3) Therefore, Meridian admitted that the undisputed amount of SWS's claim is $46,179.83 (the "Undisputed Amount").

4) Furthermore, Meridian scheduled SWS' claim in the Undisputed Amount and did not list the claim as contingent, unliquidated, or disputed.

5) SWS did not contest this reduction of its claim because upon review of Meridian's Plan in this bankruptcy, and conversation with the U.S. Trustee's office, SWS understood that there would most likely be sufficient funding available following the sale of the marina property at issue in this matter to fully pay the Undisputed Amount.

6) On October 29, 2020, Meridian again acknowledged the Undisputed Amount of SWS' claim as $46,179.83. [*See* Doc. 290; *see also* Doc. 292 (Meridian acknowledging that Progressive Environmental Services filed a proof of claim and that SWS and Progressive are the same entity such that payment should be made to Progressive in the Undisputed Amount), Doc. 346 (Court sustaining this objection)].

7) On November 17, 2020, attorney Robert Lewis, on behalf of Meridian, contacted SWS' counsel with an offer to resolve SWS' claim for the amount of $32,000.00, with the promise that his clients, Meridian and Timothy Mullen, would "ensure an 'Undisputed Proof of Claim' on behalf of SWS…to which, shall be paid in full on or before December 31, 2020." Mr. Lewis requested a response in writing by Friday, November 20, 2020. A true and correct copy of this email correspondence is attached hereto as **Exhibit 1**.

8) In light of its understanding that it would receive payment of the Undisputed Amount in full, SWS chose not to agree to this further reduction.

9) At no time, either verbally or in writing, did SWS or its counsel agree to this further reduction of its claim.

10) However, before the deadline for response had even passed, on November 19, 2020, Meridian, through counsel Dana Kaplan, filed an objection to SWS' claim (Claim 11) which stated "Objection – The correct amount of this claim is $32,000.00 per agreement of the parties. Claim shall be reduced to $32,000.00" (the "Objection"). [*See* Doc. 313].

2

11) On or about November 24, 2020, SWS' counsel received a phone call from Mr. Lewis who stated that he was following up on the offer he had made to further reduce the amount of SWS' claim. At that time, SWS' counsel advised that SWS did not intend to agree to this further reduction.

12) On November 25, 2020, SWS received a copy of the Objection and SWS' counsel immediately contacted Ms. Kaplan to advise that the parties had <u>not</u> reached an agreement, that the Objection contained a misrepresentation, and to request that Ms. Kaplan immediately withdraw the Objection. A true and correct copy of the email correspondence exchanged between undersigned counsel and Ms. Kaplan is attached hereto as **Exhibit 2**.

13) Ms. Kaplan responded to this email on November 25, 2020, and stated that she would need to consult Mr. Lewis and her client, but that "[s]ince this amended objection was filed on November 19, we have some time." *See id*.

14) On December 1, 2020, undersigned counsel followed up with Ms. Kaplan to determine whether she had confirmed with Mr. Lewis and her client that no agreement had been reached. *See id.*

15) On December 3, 2020, Ms. Kaplan responded, and advised that she had now been authorized to offer $38,000.00 as full resolution of SWS' claim. Ms. Kaplan further stated that if SWS would not agree to this reduction of its claim, that "the full amount of the claim will be held in escrow until a trial on the claim is held by the court and the court rules on same." *See id.*

16) On December 4, 2020, undersigned counsel responded to Ms. Kaplan to advise that she would present the revised offer to SWS, but requested that "in the meantime, as it appears that you have confirmed that the representation that the parties have reached an agreement is not correct, please withdraw the objection as it contains a confirmed misrepresentation." *See id.*

17) Ms. Kaplan did not respond to this request or withdraw the Objection.

3

18) On December 15, 2020, having received no response to the request to withdraw the Objection, undersigned counsel sent a letter to Ms. Kaplan, advising that the Objection to the Undisputed Amount is improper under applicable law and a potential violation of Fed. R. Bankr. P. 9011(b), and requested once again that Meridian withdraw the objection. A true and correct copy of this correspondence is attached hereto as **Exhibit 3**.

19) On December 18, 2020, undersigned counsel placed a phone call to Ms. Kaplan's office to attempt to speak to her concerning the Objection. However, no one answered the phone and Ms. Kaplan's answering message advises that her voicemails are not checked, and to transfer to the operator who will connect the caller with Ms. Kaplan. Upon transfer, there was still no answer.

20) As of the date of filing, SWS has received no response to its requests that the Objection be withdrawn.

21) SWS has incurred additional unnecessary fees and costs as a result of Meridian's misrepresentation to the Court in its Objection and is now responsible for paying a reasonable attorneys' fee for the work its counsel has performed to bring this misrepresentation to the attention of the Court and oppose the Objection.

**MEMORANDUM OF LAW**

Under Rule 12(f) of the *Federal Rules of Civil Procedure*, made applicable to adversary proceedings by Bankruptcy Rule 7012(b), the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Here, the Objection contains a statement—*i.e.* that the parties had reached an agreement for the reduction of SWS' claim from the Undisputed Amount—which Meridian's counsel has acknowledged to be false by presenting an offer to resolve SWS' claim at an amount different than the amount to which the Objection represented that the parties had already agreed. Not only was this false statement filed

with the Court, but when SWS advised Meridian's counsel that it would not accept the reduction of the Undisputed Amount of its claim, Meridian's counsel responded by threatening to further object to SWS' claim in order to tie up the full amount of the claim unless SWS would agree to a slightly lower reduction. Meridian's counsel presented no basis for this demand that SWS agree to a reduction of the Undisputed Amount, merely an implied threat that if SWS would not agree to the reduction, Meridian would cause SWS to spend additional time and expense by objecting to the claim which it had already scheduled as undisputed, for no other reason than to strong arm SWS into accepting further reduction of its undisputed claim. Such conduct is improper.

The Bankruptcy Court for the Southern District of Florida in *In re MacFarland*, 462 B.R. 857, 882 (Bankr. S.D. Fla. 2011) noted that "[i]f a claim is scheduled by a debtor as undisputed and in an amount equal to or greater than the amount in the proof of claim, little, if any, documentation is necessary. As such, objecting to a claim for such a debt will almost always be a Rule 9011(b) violation." Furthermore, "[e]ven in the event that the scheduled amount is less than the proof of claim amount, an objection seeking to strike and disallow the claim in its entirety should be overruled without prejudice to the debtor's right to file a renewed objection to that portion of the claim which is in excess of the scheduled amount." *Id.* Meridian has already objected to the portion of SWS' claim in excess of the scheduled Undisputed Amount. SWS did not oppose this objection. Now, Meridian threatens to object to SWS' claim in its entirety forcing SWS to incur the costs of defending its undisputed claim at trial, unless SWS agrees to a further reduction of its claim. "Repeated attempts to strike and disallow claims in their entirety when portions of those debts are undisputedly due and owing is tantamount to bad faith justifying the imposition of sanctions." *Id.*; *see also In re Rehman*, 479 B.R. 238 (Bankr. C.D. Mass. 2012) (holding that judicial estoppel applies to prevent a debtor from objecting to a claim which it had previously scheduled as undisputed where it has no good faith basis to deny the claim).

While the safe harbor provision of Rule 9011 prevents SWS from bringing a motion for sanctions until it has provided a copy of such motion to opposing counsel and given them 21 days to respond, SWS is required to respond to Meridian's Objection by today or its response will be considered untimely. Moreover, SWS was led to believe that Meridian would withdraw the objection such that incurring the cost of preparing the motion for sanctions was unnecessary. *See* **Ex. 2**, Ms. Kaplan's statement that "we have some time" when advised that the Objection contained a misrepresentation and should be withdrawn. While SWS intends to prepare a motion for sanctions and deliver to Meridian's counsel, it has now been forced to incur the costs of preparing this motion to meet the deadline to respond to Meridian's Objection simply because Meridian's counsel filed a false statement with the Court and refused to correct same. However, the Court does have the inherent authority and discretion to impose sanctions *sua sponte* for bad faith conduct of the attorneys appearing before it. *See e.g., In re American West Development, Inc.*, 588 B.R. 546 (Bankr. D. Nev. 2018) (holding that bankruptcy court has inherent authority to regulate the practice of attorneys appearing before it, and sanction imposed pursuant to that authority must be preceded by a specific finding of bad faith); *see also* Fed. R. Bankr. P. 9011(b)(3) and (c)(1)(B); 28 U.S.C.A. §1927; 11 U.S.C. §105.

WHEREFORE, SWS respectfully requests that this Court strike the Objection of Meridian to SWS' claim because it falsely represents that the parties reached an agreement as to the amount

of claim which the parties did not reach, and grant any other and further relief as this Court deems just and proper, including an award of attorneys' fees and costs incurred in making this motion.

        /s/  Mallory H,. Thomas
Mallory H. Thomas  Fla Bar #112212
Caroline Catchpole Spradlin Fla. Bar #1003631
PHELPS DUNBAR LLP
100 South Ashley Drive, Suite 2000
Tampa, Florida 33602
Telephone: 813 472 7550
Facsimile: 813 472 7570
Email: caroline.spradlin@phelps.com